JACOBS, P.C.
*Proposed Attorneys for the Debtor*
*1819 Weeks Ave. Realty Corp*
595 Madison Avenue - 39h Floor
New York, New York 10022
212-229-9476

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
**In re**

      **1819 WEEKS AVE. REALTY CORP.,**    Case No. 24-11855 (JPM)
                                                                                           **Chapter 11**

                                                **Debtor.**
--------------------------------------------------------X

### DECLARATION PURSUANT TO LOCAL RULE 1007-3

Nancy Haber, declares:

1.     I am the Debtor's president and as such am fully familiar with the statements contained herein.

2.     I submit this declaration in compliance with Rule 1007-3 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York:

    I.)**The nature of the debtor's business and a concise statement of the circumstances leading to the debtor's filing under chapter 11:**

        The Debtor owns, develops, manages and rents the apartment building located at 47 Perry Street, New York, NY.

        This case was precipitated by the Debtor's secured creditor's scheduled sale of the

ownership interests in the Debtor. It was anticipated that the change in the Debtor's ownership would result in the sale of the Debtor's real property. The Debtor expects to reorganize through te refinancing or sale of the Debtor's real property

**ii.) If the case originally was commenced under chapter 7 or chapter 13, the name and address of any trustee appointed in the case and, in a case originally commenced under chapter 7, the names and addresses of the members of any creditors' committee.**

Not Applicable

**iii.) The names and addresses of the members of, and attorneys for, any committee organized prior to the order for relief in the chapter 11 case, and a brief description of the circumstances surrounding the formation of the committee and the date of its formation:**

None

**(4)    The following information with respect to each of the holders of the 20 largest unsecured claims, excluding insiders: the name, the address (including the number, street, apartment or suite number, and zip code, if not included in the post office address), the telephone number, the name(s) of person(s) familiar with the debtor's account, the amount of the claim, and an indication of whether the claim is contingent, unliquidated, disputed, or partially secured;**

See accompanying list of twenty largest creditors.

**(5)    The following information with respect to each of the holders of the five largest**

**secured claims: the name, the address (including the number, street, apartment or suite number, and zip code, if not included in the post office address), the amount of the claim, a brief description and an estimate of the value of the collateral securing the claim, and whether the claim or lien is disputed:**

| Creditor | Claim Amount | Collateral | Value |
|---|---|---|---|
| Maguire Perry LLC<br>400 Madison Avenue, Suite 5-d<br>New York, NY 10017 | $7,009,029.05<br>(Approx) | 47 Perry Street<br>New York, NY | Undetermined |

**(6)    A summary of the debtor's assets and liabilities:**

    Assets: $14,000,000 (approx)

    Liabilities: $7,700,000 (approx)

**(7)    The number and classes of shares of stock, debentures, or other securities of the debtor that are publicly held, and the number of holders thereof, listing separately those held by each of the debtor's officers and directors and the amounts so held:**

    None

**(8)    A list of all of the debtor's property in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity, giving the name, address, and telephone number of each such entity and the court in which any proceeding relating thereto is pending:**

    None

**(9)    A list of the premises owned, leased, or held under other arrangement from which the debtor operates its business:**

    47 Perry Street, New York, NY. (Owned)

    544 East 86th Street, #14E, New York, NY10028 (Other Arrangement0

**(10)    The location of the debtor's substantial assets, the location of its books and**

records, and the nature, location, and value of any assets held by the debtor outside the territorial limits of the United States:

    Assets are Located at: at   47 Perry Street, New York, NY.

    Books and records are located at: 544 East 86th Street, #14E, New York, NY 10028

    No assets are outside of the United States.

**(11)    The nature and present status of each action or proceeding, pending or threatened, against the debtor or its property where a judgment against the debtor or a seizure of its property may be imminent:**

619292/2024   Falcon Rappaport & Berkman LLP f/k/a Falcon Rappaport & Berkman PLLC v. 1819 Weeks Ave. Realty Corp    Nassau County Supreme Court Commercial - Contract

161138/2019   Benjamin Dixon et al v. 1819 Weeks Ave. Realty Corp. et al, New York County Supreme Court, Real Property

LT-300362-21/NY   HPD v. NANCY J HABER et al, New York County Civil Court - Landlord and Tenant Division, Landlord and Tenant - HP Action (to obtain repairs)

**(12)    The names of the individuals who comprise the debtor's existing senior management, their tenure with the debtor, and a brief summary of their relevant responsibilities and experience.**

    Nancy Haber, president, since 1999

**(b)** *Additional Information if Business Is to Continue*. **If the debtor intends to continue to operate its business, the affidavit shall so state and set forth:**
**(1) The estimated amount of the weekly payroll to employees (exclusive of officers, directors, stockholders, and partners) for the 30 day period following the filing of the chapter 11 petition:**

Approximate total weekly payroll for each of the weeks for the 30 days following the filing of the chapter petition = $1,500

**(2) The amount paid and proposed to be paid for services for the 30 day period following the filing of the chapter 11 petition -(A)If the debtor is a corporation, officers, stockholders, and directors:**

$27,000

**(B)If the debtor is an individual or a partnership, to the individual or the members of the partnership:**

N/A

**( C ) If a financial or business consultant has been retained by the debtor, to the consultant:**

N/A

**(3) A schedule, for the 30 day period following the filing of the chapter 11 petition, of estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remain unpaid, other than professional fees, and any other information relevant to an understanding of the foregoing.**

| | |
|---|---|
| estimated cash receipts: | $41,820.00 |
| estimated cash disbursements: | $40,980.50 |
| net cash gain or (loss): | $840.00 |
| obligations expected to accrue but remain unpaid: | $(unknown) |

I declare the foregoing facts to be true and correct, under penalties of perjury, pursuant to 28 U.S.C. § 1746

Dated: New York, NY
November 22, 2024

_____
Nancy Haber