**EXHIBIT "A"**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:

---

WILLIAM ARTHUR VIETH

        Plaintiff,

-against-

1819 WEEKS AVE. REALTY CORP.

        Defendant.

---

Index No.          /2025

**SUMMONS**

Plaintiff designates New York County as the place of trial. The basis of venue is the location of the Apartment that is the subject of this action.

**TO THE ABOVE NAMED DEFENDANT:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action by serving an answer on the Plaintiff's attorney within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    New York, New York
             January 27, 2025

                                        HIMMELSTEIN McCONNELL
                                        GRIBBEN & JOSEPH LLP
                                        Attorneys for Plaintiff
                                        15 Maiden Lane – Suite 1700
                                        New York, New York 10038-4003
                                        212.349.3000

                                        By:

                                        *Vanessa Vecchiarello*
                                        Vanessa Vecchiarello, Esq.

1

FILED: NEW YORK COUNTY CLERK 01/29/2025 12:39 PM
NYSCEF DOC. NO. 1
24-11855-jpm    Doc 36-2    Filed 03/19/25    Entered 03/19/25 13:35:16    Exhibit A
Pg 3 of 13
INDEX NO. 151303/2025
RECEIVED NYSCEF: 01/29/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:

WILLIAM ARTHUR VIETH

                Plaintiff,

  -against-

1819 WEEKS AVE. REALTY CORP.,

                Defendant.

Index No.

**VERIFIED COMPLAINT**

      Plaintiff WILLIAM ARTHUR VIETH (hereinafter "Plaintiff"), by his attorneys, Himmelstein McConnell Gribben & Joseph LLP, allege as his complaint as follows:

**PRELIMINARY STATEMENT**

1.     Plaintiff, current tenant of 47 Perry Street, Apt 2A, New York, NY 10014 (hereinafter "subject apartment") brings this action against Defendant for: (1) a judicial declaration that his apartment is subject to the Rent Stabilization Law (hereinafter "RSL") and Code (hereinafter "RSC"), and that renewal lease forms be provided to Plaintiff, by Defendant, in the form prescribed by the RSL and RSC at the proper legal regulated rent; (2) an order enjoining Defendant and/or its agents, assigns and successors from offering any lease renewal in violation of the terms of the RSL and RSC; (3) injunctive relief enjoining Defendant from commencing eviction proceedings against Plaintiff, since this will cause Plaintiff irreparable damage as he will be listed on Tenant Screening Bureaus, also known as "Black Lists", which may impair his credit ratings, ability to obtain credit or mortgages or rent other apartments in the future; (4) for money damages for residential overcharges pursuant to the Housing Stability and Tenant Protection Act of 2019 (L. 2019, ch. 36) ("the HSTPA"), to recover the amount overcharged along with interests, costs, attorneys' fees and treble damages as provided by law; (5) for money damages

2

FILED: NEW YORK COUNTY CLERK 01/29/2025 12:39 PM
NYSCEF DOC. NO. 1
INDEX NO. 151303/2025
RECEIVED NYSCEF: 01/29/2025

24-11855-jpm    Doc 36-2    Filed 03/19/25    Entered 03/19/25 13:35:16    Exhibit A
Pg 4 of 13

for advance payment of rent exceeding one month to recover the amount overcharged along with interests, costs, attorneys' fees and damages as provided by law for an excessive demand of advance rent; and (6) recovery of attorneys' fees and costs.

## PARTIES

2. Plaintiff is a natural person residing in the State and County of New York.

3. Defendant 1819 Weeks Avenue Realty Corp is a Domestic Business Corporation who has registered its address as 544 East 86th Street, Apt 14E, New York, NY with the New York City Department of Housing Preservation and Development ("HPD").

## VENUE

4. Plaintiff has selected the County of New York as the place of trial, based upon the residence of Plaintiff and the location of the building and apartment at issue in this action.

## STATEMENT OF FACTS

5. 47 Perry Street ("subject building"), is a five story residential apartment building, built prior to 1974, and contains twenty (20) class "A" residential units.

6. The subject building has not converted to coop or condo ownership.

7. As such, the subject building and apartments therein are, presumptively, rent stabilized.

8. Plaintiff commenced occupancy of the subject apartment pursuant to a one year de-stabilized, market-rate, lease commencing October 27, 2020 at a monthly rental rate of $2,850.00.

9. Thereafter Plaintiff's lease was renewed, for successive one year terms, as follows: (a) October 27, 2021 at a monthly rental rate of $3,200.00 ("the 2021 Renewal"); (b) October 27, 2022 at a monthly rental rate of $3,850.00 ("the 2022 Renewal"); (c) October 27, 2023 at a monthly rental rate of $3,650.00 ("the 2023 Renewal"); and (d) October 27, 2024 at a monthly rental rate of $3,650.00 ("the 2024 Renewal").

FILED: NEW YORK COUNTY CLERK 01/29/2025 12:39 PM
NYSCEF DOC. NO. 1
INDEX NO. 151303/2025
RECEIVED NYSCEF: 01/29/2025

24-11855-jpm    Doc 36-2    Filed 03/19/25    Entered 03/19/25 13:35:16    Exhibit A
Pg 5 of 13

10. When Plaintiff renewed his lease in 2023 and in 2024, Defendant required advance payment under the terms of the 2023 Renewal and the 2024 Renewal. Plaintiff paid his entire rent upfront, totaling $43,800.00, in October/November 2023 for the 2023 Renewal. Plaintiff also paid his entire rent upfront, totaling $43,800.00 in October 2024 for the 2024 Renewal.

11. Pursuant to the New York State Division of Housing and Community Renewal ("DHCR") apartment registration history the subject apartment was registered as "RENT CONTROL – REG NOT REQUIRED" from 1985 through the present.

12. *Assuming arguendo*, the subject apartment was subject to rent control prior to Plaintiff's tenancy, the landlord may, upon the vacateur of the rent controlled tenant, charge the first incoming tenant any rent agreed to between the parties. RSC § 2521.1(a)(1).

13. Plaintiff is seemingly the first tenant in occupancy following the vacateur of the rent controlled tenant, and took possession of the apartment after the HSTPA removed the rent-increase pathway to deregulation for rent stabilized apartments. Therefore, Plaintiff is entitled to a rent stabilized lease at the first rent agreed to between the parties plus any allowable Rent Guidelines Board ("RGB") increases.

14. Upon information and belief there has never been a tenant of the subject apartment with a rental rate exceeding the threshold for deregulation.

15. As such, unless the landlord can produce a lease and proof of payment of a rental rate exceeding $2,000.00 prior to June 23, 2011, or $2,700.00 prior to June 13, 2019, immediately subsequent to the vacatur of the putative rent controlled tenant, Plaintiff is a rent stabilized tenant since the inception of his tenancy and has been overcharged.

16. In the alternative, even if there was an intervening tenant, after the presumed rent controlled tenant vacated and before Plaintiff commenced occupancy, Defendant never

FILED: NEW YORK COUNTY CLERK 01/29/2025 12:39 PM
NYSCEF DOC. NO. 1
24-11855-jpm    Doc 36-2    Filed 03/19/25    Entered 03/19/25 13:35:16    Exhibit A
Pg 6 of 13
INDEX NO. 151303/2025
RECEIVED NYSCEF: 01/29/2025

registered the rent of the intervening tenant with the DHCR. Therefore, the subject apartment is rent stabilized and Plaintiff's legal regulated rent should be calculated based on the default formula.

17. As such, since the inception of his tenancy, Plaintiff has been illegally treated as a market rate tenant. Plaintiff is thus entitled to a declaration that his apartment is rent stabilized and reimbursement of any excess rent amounts paid above the proper legal regulated rent, plus treble damages, which he has paid since commencing his tenancy on or about October 27, 2020.

18. Here, besides the DHCR Rent Registration listing the subject premises as "RENT CONTROL – REG NOT REQUIRED", Defendant never registered a rental rate with DHCR for the subject apartment.

19. Owner has engaged in a fraudulent scheme to deregulate the subject apartment. Owner's fraudulent conduct includes its failure to register the subject apartment as rent stabilized following the vacatur or the putative rent controlled tenant and instead illegally treating the subject apartment as a market rate apartment despite there being no legal basis to exempt the apartment from rent stabilization.

20. Therefore, the legal regulated rent for the subject apartment will need to be calculated pursuant to DHCR's default formula.

21. Plaintiff's apartment has been, and remains, subject to the provisions of the Rent Stabilization Law (NYC Adm Code § 26-501 *et seq*).

22. Plaintiff's apartment has been and is subject to the registration requirements of the Rent Stabilization Law set forth at NYC Admin Code §26-517, which provides at subdivision (e) thereof that the failure to file a proper and timely initial or annual registration with the DHCR shall, until such time as such registration is filed, bar an owner from applying for or collecting any rent in

5

excess of the legal regulated rent in effect on the date of the last preceding proper registration statement.

23. The legal regulated rent for Plaintiff's apartment is set at the amount of rent reflected in the last properly filed registration with the DHCR. Here, insofar as there is no amount registered with DHCR, Plaintiff's rent should be set pursuant to DHCR's default method.

24. Because Plaintiff's apartment was deregulated pursuant to a fraudulent scheme, the rents charged on the base date may not be used for the purpose of calculating the legal regulated rents.

25. Plaintiff is entitled to recover the difference between the amount he has paid and the default formula calculation amount, along with treble damages.

26. By letter dated September 23, 2024, Plaintiff's counsel sent Defendant a letter detailing the allegations herein, annexing the DHCR apartment rent registration history, and requesting documentation to substantiate the legal rent for the subject premises.

27. Defendant responded to the September 23, 2024 letter and in sum and substance failed to address any of Plaintiff's allegations and stated only that the previous tenant died before the 2019 HSTPA.

28. However, upon information and belief, the previous tenant passed away on or about November 2019.

29. Plaintiff's initial leases contains a clause providing that the owner is entitled to recover attorneys' fees incurred as a result of a breach of the lease by the tenant.

30. By operation of law, Plaintiff has a reciprocal right to recover the costs and attorneys' fees incurred in this action.

31. Also, pursuant to Rent Stabilization Law §26-516(a), Plaintiff has the right to recover the costs and attorneys' fees incurred in this action.

FILED: NEW YORK COUNTY CLERK 01/29/2025 12:39 PM
NYSCEF DOC. NO. 1

INDEX NO. 151303/2025
RECEIVED NYSCEF: 01/29/2025

24-11855-jpm    Doc 36-2    Filed 03/19/25    Entered 03/19/25 13:35:16    Exhibit A
Pg 8 of 13

## FIRST CAUSE OF ACTION
(Declaratory Relief)

32. Plaintiff repeats and specifically incorporates the allegations of paragraphs 1 through 31 of this Complaint with the same force an effect as if fully set forth herein.

33. A justiciable controversy exists.

34. Plaintiff has no adequate remedy at law.

35. Based upon the foregoing, Plaintiff is entitled to a declaratory judgment adjudging and determining that his apartment is subject to the Rent Stabilization Law and Code, and determining the amount of the legal regulated rent for his apartment.

## SECOND CAUSE OF ACTION
(Declaratory Relief)

36. Plaintiff repeats and specifically incorporates the allegations of paragraphs 1 through 35 of this Complaint with the same force an effect as if fully set forth herein.

37. Plaintiff is entitled to a declaratory judgment adjudging and determining that any leases for subsequent terms offered to Plaintiff by Defendant are invalid and unlawful unless they are offered on renewal lease forms prescribed by the DHCR and Rent Stabilization Law and Code; and enjoining Defendant, and her agents, assigns and successors from offering lease renewals in violation of the terms of the Rent Stabilization Law and Code; and determining that Plaintiff is not required to pay any renewal lease increase unless and until a valid lease renewal offer is made.

## THIRD CAUSE OF ACTION
(Injunctive Relief)

38. Plaintiff repeats and specifically incorporates the allegations of paragraphs 1 through 37 of this Complaint with the same force an effect as if fully set forth herein.

39. Plaintiff faces the risk that Defendant will commence holdover proceedings or an ejectment

7

action based upon an alleged expiration of a lease agreement, or a month to month tenancy, which is not a lawful basis for removal of Plaintiff under the Rent Stabilization Law.

40. If eviction proceedings are brought against Plaintiff for the expiration of his lease, Plaintiff will be listed on Tenant Screening Bureaus, also known as "Black Lists", which may impair his credit ratings, ability to obtain credit or mortgages or rent other apartments in the future.

41. Plaintiff lacks an adequate remedy at law.

42. Accordingly, Defendant should be enjoined from initiating any proceedings to terminate or otherwise interfere with Plaintiff's tenancy.

43. The balance of hardships also favors the Plaintiff in this matter.

44. Defendant's harm is less tangible and far less prejudicial. Under these circumstances, Plaintiff has the most immediate and rightful claim.

45. Unless the injunctive relief requested herein is granted, Plaintiff has no adequate remedy at law.

## FOURTH CAUSE OF ACTION
(Rent Overcharge)

46. Plaintiff repeats and specifically incorporates the allegations of paragraphs 1 through 45 of this Complaint with the same force an effect as if fully set forth herein.

47. Defendant has overcharged Plaintiff in violation of the Rent Stabilization Law and Code, by collecting rent and other consideration in excess of the legal regulated rent.

48. As a result of Defendant's rent overcharges, Plaintiff has been damaged and is entitled to an award of money damages against Defendant equal to such overcharges in an amount to be determined at trial.

49. In addition, Plaintiff is entitled to an award of interest on the rent overcharges as described above, with such interest accruing from the date of the overcharge.

FILED: NEW YORK COUNTY CLERK 01/29/2025 12:39 PM
NYSCEF DOC. NO. 1

24-11855-jpm    Doc 36-2    Filed 03/19/25    Entered 03/19/25 13:35:16    Exhibit A
Pg 10 of 13

INDEX NO. 151303/2025
RECEIVED NYSCEF: 01/29/2025

50. Further, the overcharges were willful. As such, Defendant is liable to Plaintiff for a penalty equal to three times the rent overcharges.

51. Plaintiff also demands reimbursement of any rent overcharges collected during the pendency of this action.

### FIFTH CAUSE OF ACTION
(Advance Payment of Rent)

52. Plaintiff repeats and specifically incorporates the allegations of paragraphs 1 through 51 of this Complaint with the same force an effect as if fully set forth herein.

53. Defendant required Plaintiff to pay all twelve months of rent in advance of signing the 2023 Renewal, totaling $43,800.00.

54. Defendant required Plaintiff to pay all twelve months of rent in advance of signing the 2024 Renewal, totaling $43,800.00.

55. Defendant has willfully overcharged Plaintiff in violation of the Rent Stabilization Law and Code, or in the alternative, in violation of NY General Obligations Law ("GOL") § 7-108(1-a)(g) by collecting advance payment in excess of one month of rent.

56. Assuming *arguendo* the Premises is Rent Stabilized, Defendant is liable to Plaintiff for the overcharge in excess of one month advance payment of rent and a penalty equal to three times the rent overcharge, totaling $258,000.00.

57. In the alternative, if the Premises is not Rent Stabilized, Defendant is liable to Plaintiff for the overcharge in excess of one month advance payment of rent, and punitive damages totaling $172,000.00 pursuant to GOL § 7-108(1-a)(g).

### SIXTH CAUSE OF ACTION
(Award of Attorneys' Fees)

58. Plaintiff repeats and specifically incorporates the allegations of paragraphs 1 through 57 of

FILED: NEW YORK COUNTY CLERK 01/29/2025 12:39 PM
NYSCEF DOC. NO. 1
INDEX NO. 151303/2025
RECEIVED NYSCEF: 01/29/2025

24-11855-jpm    Doc 36-2    Filed 03/19/25    Entered 03/19/25 13:35:16    Exhibit A
Pg 11 of 13

this Complaint with the same force an effect as if fully set forth herein.

59.     Plaintiff is entitled to recover his reasonable attorneys' fees, costs and expenses incurred in the prosecution of this action.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(A)     Judgment declaring and adjudging that Plaintiff's apartment is subject to the Rent Stabilization Law and Code, and determining the amount of the legal regulated rent for his apartment;

(B)     Judgment adjudging and determining that the leases provided to Plaintiff by Defendant are invalid and unlawful; enjoining Defendant, and her agents, assigns and successors from offering lease renewals in violation of the terms of the Rent Stabilization Law and Code; determining that Defendant is required to offer lease renewals in accordance with the DHCR and Rent Stabilization Law and Code, and determining that Plaintiff is not required to pay any renewal lease increase unless and until a valid lease renewal offer is made;

(C)     Judgment permanently enjoining Defendant from initiating any proceedings to terminate or otherwise interfere with Plaintiff's tenancy based upon expiration of Plaintiff's lease;

(D)     Judgment in favor of Plaintiff and against Defendant for the amount determined by the Court to have been overcharged, together with treble damages, interest, attorneys' fees, costs and expenses allowed by the Rent Stabilization Law and Code;

(E)     Judgment in favor of Plaintiff and against Defendant for the amount

FILED: NEW YORK COUNTY CLERK 01/29/2025 12:39 PM
NYSCEF DOC. NO. 1

24-11855-jpm    Doc 36-2    Filed 03/19/25    Entered 03/19/25 13:35:16    Exhibit A
Pg 12 of 13

INDEX NO. 151303/2025
RECEIVED NYSCEF: 01/29/2025

determined by the Court to have been overcharged, together with damages, interest, attorneys' fees, costs and expenses for an excessive demand of advance rent;

(F)  Judgment for the reasonable attorneys' fees, costs and expenses incurred by Plaintiff in the prosecution of this action; and

(G)  Costs, disbursements, and such other and further relief as this Court may deem just, proper, and equitable.

Dated: New York, New York
       January 27, 2025

HIMMELSTEIN McCONNELL GRIBBEN,
& JOSEPH LLP
*Attorneys for Plaintiff*

*Vanessa Vecchiarello*
_____
By: Vanessa Vecchiarello, Esq.
15 Maiden Lane, 17th Floor
New York, New York 10038
(212) 349-3000
VVecchiarello@hmgjlaw.com

11

## VERIFICATION

STATE OF NEW YORK        )
                                              )ss.
COUNTY OF NEW YORK   )

**WILLIAM ARTHUR VIETH**, being duly sworn, deposes and says:

I am the Plaintiff in the within action; I have read the foregoing Summons and Verified Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, I believe them to be true.

_____
WILLIAM ARTHUR VIETH

Sworn to before me this
28 day January, 2025

_____
NOTARY PUBLIC

FREDERICK J DING
Notary Public - State of New York
No. 02DI6386590
Qualified in New York County
My Comm. Expires Jan. 28, 2027