UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                    Chapter 11

1819 WEEKS AVE. REALTY CORP.,                            Case No. 24-11855-JPM

                              Debtor.
---------------------------------------------------------------x

**ORDER AUTHORIZING THE DEBTOR'S RETENTION OF NORTHGATE
REAL ESTATE GROUP AS REAL ESTATE BROKER PURSUANT TO SECTION
327(A) OF THE BANKRUPTCY CODE**

Upon the application (the "Application") [ECF No. 17] of the debtor herein, 1819 Weeks Ave. Realty Corp. (the "Debtor"), for an order pursuant to Section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") authorizing the Debtor to retain Northgate Real Estate Group ("Northgate") as the Debtor's real estate broker for the sale and marketing of a mixed-use apartment building located at 47 Perry Street, New York, NY 10014 (the "Property"); and upon the Amended Declaration of Greg Corbin, President of Northgate, and the retention agreement annexed thereto (the "Retention Agreement"); and upon the objection to the Application dated February 20, 2025 filed by the Office of the United States Trustee [ECF No. 21] and the letter to the Court dated February 21, 2025 from counsel for Maguire Perry LLC (the "Lender") [ECF No. 23] and good and sufficient notice having been given; and upon the objection of the Office of the United States Trustee having been resolved; and the Court being satisfied that Northgate is a "disinterested" person within the meaning of the Bankruptcy Code; and that the relief requested in the Application is in the best interests of the Debtor, its creditors, and all parties-in-interest; and it further appearing that the proposed compensation for Northgate set forth in the Retention Agreement is reasonable for purposes of Section 327(a) of the Bankruptcy Code; and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED**, that

1. The Application is granted to the extent set forth herein.

2. In accordance with Section 327(a) of the Bankruptcy Code, the Debtor is hereby authorized to employ and retain Northgate as its real estate broker to market and sell the Property, including at a public auction sale on the terms to be established pursuant to separate order of this Court (the "Bidding Procedures[i]").

3. Subject to this Court's approval or as otherwise set forth herein, Northgate shall be entitled to the following compensation under paragraphs 2, 3 or 4 of the Retention Agreement, as the case may be: (i) three and one quarter percent (3.25%) of the gross purchase price of the Property, which will be paid as a buyer's premium by the successful purchaser (that is not the Lender, or its affiliated assignee or designee), or (ii) three and one quarter percent (3.25%) of the aggregate amount of gross refinancing or restructured indebtedness, recapitalization, and/or joint venture investment received or obtained by Debtor, to be paid by the Debtor from such third party source, or (iii) one half of one percent (.5%) commission of the gross purchase price if Lender (or its affiliated assignee or designee) is the successful purchaser and closes on a credit bid, to be paid by Lender, or (iv) a minimum fee of one hundred thousand dollars ($100,000).

4. Any commission, fee or expense reimbursement to which Northgate is entitled must be approved by the Bankruptcy Court after notice and a hearing based upon the filing of a fee application in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable fee guidelines, and applicable law. Notwithstanding anything to the contrary in the Application or the Retention Agreement, Northgate will not be entitled to any compensation in this Bankruptcy Case beyond the amounts set forth in this Order.

5. To the extent of the Retention Agreement's flat and percentage-based fee structure, Northgate is excused from keeping detailed time entries and filing interim fee applications; provided however, that Northgate shall file a final fee application for review by the Court and parties in interest pursuant to section 330 of the Bankruptcy Code for the applicable services provided and documented and reasonable out of pocket disbursements incurred, which fee application shall include a general description of the work performed, the Northgate professionals performing the work, and an estimate of the hours spent, per month, on any advice rendered in connection with any financing, re-financing, recapitalization, joint venture arrangement, or similar transaction other than a sale of the Property or ownership interests of the Property; provided, further, that the U.S. Trustee and any other party in interest shall retain its right to review such final fee application under Section 330 of the Bankruptcy Code;

6. Paragraph 1 of the Retention Agreement is modified to provide that the Term of Debtor's retention of Northgate shall continue in effect for 120 days from the date of entry of this Order, which term may be extended in consecutive thirty (30) day increments upon written consent of Lender or by order of the Court. Debtor's counsel will file a notice on the docket of this case in the event of a consensual extension of the Term.

7. Notwithstanding anything to the contrary contained in the Retention Agreement or this Order, the United States Trustee and parties-in-interest do not waive their rights to object to any application by Northgate for minimum compensation in the amount of $100,000 under paragraph 4 of the Retention Agreement on any grounds.

8. Northgate's right to reimbursement for out-of-pocket expenses under Paragraph 6 of the Retention Agreement shall be capped at $10,000, which reimbursement shall be the responsibility of the successful purchaser of the Property (who is not the Lender or its affiliated assignee or designee) and Northgate shall not be entitled to any expense reimbursement if the

Lender (or its affiliated assignee or designee) takes title to the Property in whole or in part through a credit bid.

9. If any new facts or relationships relevant to this retention should arise or are subsequently discovered by Northgate, Northgate will promptly file a supplemental declaration as required by Bankruptcy Rule 2014(a).

10. No agreement or understanding exists between Northgate and any other person, other than as permitted by Section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with this case, nor shall Northgate share or agree to share compensation received for services rendered in connection with this case with any other person other than as permitted by Section 504 of the Bankruptcy Code.

11. In the event that the Debtor and Northgate agree to extend the term of the retention, the Debtor shall promptly file a notice with the Court disclosing same.

12. Notwithstanding anything to the contrary in the Retention Agreement: (a) any provisions limiting Northgate's liability contained in the Retention Agreement shall not apply; (b) any provisions releasing Northgate and its partners, principals, directors and employees and affiliates contained in the Retention Agreement shall not apply in the case of its and/or their own bad-faith, self-dealing, fraud, breach of fiduciary duty (if any), gross negligence or willful misconduct; and (c) any provisions contained in the Retention Agreement that purports to limit or restrict the time-period in which an action can be brought by the Debtor or its estate against Northgate or its partners, principals, directors and employees and affiliates shall not apply.

13. The following terms of engagement are hereby modified and restated in their entirety (as applicable to the Retention Agreement):

    i. All requests for payment of indemnity, contribution or reimbursement shall be made by means of an application (interim or final as the case may be)

    and shall be subject to review by the Court and the United States Trustee to ensure that payment of such indemnity, contribution or reimbursement conforms to the terms of the Retention Agreement (as modified and restated by this Order) and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity, contribution or reimbursement is sought;

   ii. In the event that Northgate seeks reimbursement from the Debtor for attorneys' fees in connection with a request for payment of indemnity, contribution or reimbursement solely pursuant to the Retention Agreement (as modified and restated by this Order), the invoices and supporting time records from such attorneys shall be included in Northgate's application (interim or final as the case may be) and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

14. Northgate shall not be entitled to reimbursement by the Debtor for any fees, disbursements and other charges of Northgate's counsel other than those incurred in connection with a request by Northgate for payment of indemnity.

15. In no event shall Northgate be entitled to indemnification, contribution, exoneration, reimbursement of attorneys' fees or expenses, limitation on liability or allocation or apportionment of damages, with respect to a claim or expense to the extent the Court determines by final order that the indemnification, contribution or reimbursement on account of such claim or expense has resulted from the fraud, bad-faith, self-dealing, breach of fiduciary duty, gross negligence or willful misconduct on the part of Northgate and/or its employees.

16. Notwithstanding any provision to the contrary in the Retention Agreement, upon a conversion of this case to a case under Chapter 7 or the appointment of a Chapter 11 trustee, the rights of all parties under paragraph 21 of the Retention Agreement are reserved.

17. In the event that any provisions in the Application, the Amended Corbin Declaration, or the Retention Agreement conflict with this Order, the terms of this Order shall control.

18. The Debtor is authorized to take all actions necessary to effectuate the retention of Northgate pursuant to this Order.

19. The Court shall retain jurisdiction with respect to all matters arising from or related to the retention of Northgate and its compensation.

Dated: New York, NY
April 2, 2025

/S/ John P. Mastando III
Hon. John P. Mastando III
United States Bankruptcy Judge

---

[i] Proposed Bidding Procedures were attached as Exhibit A to the Debtor's Plan of Reorganization [ECF Doc. 15]. The Bidding Procedures have not yet been submitted for approval by the Court and parties-in-interest. All parties' rights with respect to the proposed Bidding Procedures are reserved. Once approved, the Bidding Procedures shall govern the sale process for the Property.