| | |
|---|---|
| Douglas J. Pick, Esq.<br>Eric C. Zabicki, Esq.<br>**PICK & ZABICKI LLP**<br>Counsel to Christoph Meinrenken<br>369 Lexington Avenue, 12th Floor<br>New York, New York 10017<br>(212) 695-6000 | Hearing Date: June 5, 2025<br>Time: 11:00 a.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re: )<br>)<br>1819 WEEKS AVE REALTY CORP., )<br>)<br>Debtor. )<br>) | Chapter 11<br>Case No. 24-11855 (JPM) |

**LIMITED OBJECTION AND JOINDER OF CHRISTOPH MEINRENKEN TO DEBTOR'S MOTION FOR AN ORDER (A) AUTHORIZING AND SCHEDULING AN AUCTION TO SOLICIT BIDS FOR THE SALE OF THE DEBTOR'S PROPERTY LOCATED AT 47 PERRY STREET, NEW YORK, NY 10014, FREE AND CLEAR OF LIENS, INTERESTS AND ENCUMBRANCES; (B) APPROVING STALKING HORSE CONTRACT, BIDDING PROCEDURES AND CERTAIN FEE PROTECTIONS; (C) SCHEDULING A HEARING TO CONSIDER APPROVAL OF THE SALE; (D) ESTABLISHING THE FORM AND MANNER OF NOTICES RELATED THERETO; AND (E) GRANTING SUCH OTHER AND FURTHER RELIEF AS THIS COURT DEEMS JUST AND PROPER**

TO:     THE HONORABLE JOHN P. MASTANDO III
        UNITED STATES BANKRUPTCY JUDGE

Christoph Meinrenken ("Mr. Meinrenken"), by and through his undersigned counsel, joins the Limited Objection of William Arthur Vieth (ECF No. 47) and also submits this limited objection to the motion (the "Motion") of 1819 Weeks Ave. Realty Corp. (the "Debtor") for entry of an Order: (a) Authorizing and Scheduling an Auction to Solicit Bids for the Sale of the Debtor's Property Located at 47 Perry Street, New York, NY 10014, Free and Clear of Liens, Interests and Encumbrances; (b) Approving Stalking Horse Contract, Bidding Procedures and Certain Fee Protections; (c) Scheduling a Hearing to Consider Approval of the Sale; (d) Establishing the Form

and Manner of Notices Related Thereto; and (e) Granting Such Other and Further Relief as this Court Deems Just and Proper, respectfully represents and alleges as follows:

## BACKGROUND

1. The Debtor owns a property located at 47 Perry Street (the "Residential Building"), which is a five-story residential apartment building built prior to 1974. It contains twenty (20) class "A" residential units. The Residential Building has not converted to coop or condo ownership. As such, the Residential Building and the apartments therein are rent stabilized.

2. Mr. Meinrenken is the tenant in occupancy of an apartment in the Residential Building ("Apartment 4C") pursuant to a rent stabilized, market-rate lease that commenced on June 14,2019 (at $3,300/month) and thereafter was renewed on June 14, 2020,[1] for a period of two years at a rent of $3,375/month for the first year and $3,450/month for the second year and thereafter renewed again from year to year. Each of the leases improperly/wrongly reflected that they were not rent stabilized leases.

3. On November 14, 2019, Mr. Meinrenken filed a Summons and Complaint (Index No. 161138/2019), as amended on August 21, 2020 (*see* NYSCEF Nos. 12 and 78) seeking damages for overcharges, treble damages, attorney fees, lease reformation, breach of warrant of habitability and injunctive relief, a copy of which is attached as *Exhibit "A"* (the "State Court Proceedings"). On April 3, 2025, Mr. Meinrenken filed a proof of claim which was designated as Claim No. 4 No. 4 by the Clerk of the Court, a copy of which is attached as Exhibit "B".

4. By way of brief background, pursuant to the New York State Division of Housing and Community Renewal ("DHCR") apartment registration history, Apartment 4C was registered as "RENT CONTROL – REG NOT REQUIRED". Upon information and belief, however, there have been no tenants subject to the New York rent control law residing in Apartment

---

[1] Inexpicably the two leases were signed by Nancy J. Haber as the owner rather than signed by the Debtor.

2

4C since at least 2017 and Mr. Meinrenken had taken possession of the apartment subject to the Housing Stability and Tenant Protection Act of 2019 (the "HSTPA") entitling him to a rent stabilized lease subject to Rent Guidelines Board ("RGB") increases.

5. Thus, Mr. Meinrenken's legal regulated rent should have been calculated based on the default formula under HSTPA and Mr. Meinrenken has continually been illegally treated as a market rate tenant. In the State Court Proceedings Mr. Meinrenken seeks, *inter alia*: (a) a State Court determination that his apartment is rent-stabilized and (b) reimbursement of any excess rent amounts paid by him over and above the proper legal regulated rent, plus treble damages, which he has paid since commencing his tenancy. It is submitted that the Debtor will not be able dispute that besides the DHCR Rent Registration listing the subject premises as "RENT CONTROL – REG NOT REQUIRED", the Debtor has never registered the rent with DHCR for Apartment 4C.

6. Mr. Meinrenken has further alleged in the State Court Proceedings that the Debtor, via Ms. Haber, had engaged in a fraudulent scheme which also requires that the legal regulated rent for Apartment 4C be retroactively redetermined pursuant to DHCR's default formula. Apartment 4C has been and continues to be subject to the provisions of the Rent Stabilization Law (NYC Adm Code § 26-501, *et seq.*) and subject to the registration requirements of the Rent Stabilization Law set forth at NYC Admin Code §26-517, which provides at subdivision (e) thereof that the failure to file a proper and timely initial or annual registration with the DHCR shall, until such time as such registration is filed, bar an owner from applying for or collecting any rent in excess of the legal regulated rent in effect on the date of the last preceding proper registration statement. Mr. Meinrenken has asserted that he is entitled to recover the difference between the amount he has paid and the default formula calculation amount, along with treble damages.

3

7. The Debtor is now pursuing authorization to schedule an auction sale of the Residential Building pursuant to 11 U.S.C. § 363 together with bidding procedures but has failed to disclose the existence of the claims being asserted by Mr. Meinrenken.

## LIMITED OBJECTIONS

A. **The Disclosure Statement and Plan Fail to Clearly Discuss Successor Liability for Rent Overcharges**

8. Mr. Meinrenken objects to the Bidding Procedures because they do not affirmatively provide notice that any potential purchaser of the Apartment Building will continue to be responsible for any rent overcharges to Mr. Meinrenken and/or any of other tenant of the Apartment Building who is similarly situated. Specifically, § 2526(f)(2)(i) of the New York Rent Stabilization Code, entitled: "Responsibility for Overcharges," provides in relevant part, as follows:

> For overcharge complaints filed or overcharges collected on or after April 1, 1984, a current owner shall be responsible for all overcharge penalties, including penalties based upon overcharges collected by any prior owner. However, in the absence of collusion or any relationship between such owner and any prior owner, where no records sufficient to establish the legal regulated rent were provided at a judicial sale, or such other sale effected in connection with, or to resolve, in whole or in part, a bankruptcy proceeding, mortgage foreclosure action or other judicial proceeding, an owner who purchases upon or subsequent to such sale shall not be liable for overcharges collected by any owner prior to such sale, and treble damages upon overcharges that he or she collects which result from overcharges collected by any owner prior to such sale. An owner who did not purchase at such sale, but who purchased subsequent to such sale, shall also not be liable for overcharges collected by any prior owner subsequent to such sale to the extent that such overcharges are the result of overcharges collected prior to such sale.

*See In re Fordham Fulton Realty Corp., Petitioner-Landlord-Appellant v. Nelson DeLeon, Respondent-Tenant- Respondent*, 2019 N.Y. Misc. LEXIS 5684, 65 Misc. 3d 141(A) (App. Term, 1st Dept. 2019):

> Generally, RSC § 2526.1(f)(2)(i) provides that "a current owner shall be responsible for all overcharge penalties, including penalties based upon overcharges collected by any prior owner." RSC

4

> § 2526.1(f)(2)(i) may, however, shield a current owner from overcharges collected by a predecessor owner where the current owner is a purchaser or successor to a purchaser at a judicial sale, "in the absence of collusion or any relationship between such owner and any prior owner" and "where no records sufficient to establish the legal regulated rent were provided at [the] judicial sale. . ." (RSC § 2526.1(f)(2)(i); *see Matter of Gaines v. New York State Div. of Hous. & Community Renewal*, 90 N.Y.2d 545 (1997)). Here, while the record shows that landlord is a successor to a purchaser at a judicial sale, landlord fails to show or even allege the absence of collusion or any relationship between the prior purchaser and prior owner, or that adequate rental records were unavailable at the judicial sales (*see generally Matter of Grimm v. State of New York Div. of Hous. & Community Renewal*, 4 A.D.3d 295, 297-298 (2004), *lv denied*, 4 N.Y.3d 704 (2005)). Indeed, landlord has supplied no proof on this critical issue and, in particular, did not even allege that no records sufficient to establish the legal regulated rent were provided at the prior judicial sale; thus, landlord failed to establish the condition precedent for the application of the exemption or raise a factual issue (*cf. 247 West 11th St. Rlty. Assocs. V. Houser*, 177 Misc. 2d at 939). Merely being a successor to a purchaser at a mortgage foreclosure action is not enough to shield the current landlord from liability for the overcharge award. In these circumstances, landlord is not shielded from carryover liability for the overcharge award.

*See also Sean Fullan, et al., Respondents v. 142 East 28th Street Associates, et al., Appellants*, 1 N.Y.3d 211, 216, 770 N.Y.S.2d 707, 802. Section 2526.1(f)(2)(i) of the Rent Stabilization Code provides that a current owner has "total liability" for the overcharges of a predecessor landlord:

> The Code clearly imposes a different and much greater level of liability upon a current owner in the context of rent overcharges—that of *total liability* for the overcharges of a predecessor landlord—than in the context of FMRAs. (*Emphasis added*.)

9. Based upon the foregoing, the obligations of the Debtor to the current *and former tenants* who were unlawfully overcharged will not be extinguished upon a sale of the Residential Building under the Plan. Rather, the successful bidder for the Residential Building will inherit such obligations at closing. Respectfully, such potential liability on the part of any purchaser of the Residential Building (including if any secured creditor should credit bid its debt to acquire the

5

Residential Building) should be clearly and conspicuously stated in the Bidding Procedures and in all related notices or selling materials.

10. The Debtor's Plan of Reorganization dated January 27, 2025 ( no Disclosure Statement has yet been filed) merely provides that all unexpired leases and executory contracts that are not assumed and assigned to "the purchaser" will be rejected.

11. Given that the Plan calls for the assumption of the residential leases at the Property, if the Plan is confirmed, Mr. Meinrenken's Proof of Claim (and those of similarly situated current and former tenants) become debts that must be cured. Whether such Claim will be "Allowed Claims" should be determined in the New York State Court. Accordingly, the Claim of Mr. Meinrenken and the claims of similarly situated current (i.e. Benjamin Dixon[2]) and former tenants should be disclosed and the amounts either be reserved in cash as Disputed Claims or be assumed obligations of any purchaser of the Property.

12. As for the claims that arise from tenants that are no longer current tenants, there is a legal issue which must be addressed as to whether the Residential Building can be sold free and clear of those claims pursuant to Section 365(f) of the Bankruptcy Code.

---

2 Mr Dixon is a Co-Plaintiff in the State Court Proceedings and has also filed a Proof of Claim with this Court which was designated as Claim No. 5 by the Clerk of the Court.

**CONCLUSION**

13. For the foregoing reasons, it is respectfully requested that the Court deny the Motion to the extent set forth herein and that the Court grant such other and further relief as may be just and proper.

Dated: New York, New York
May 28, 2025

                                    **PICK & ZABICKI LLP**
                                    Attorneys for Christoph Meinrenken

By:   */s/ Douglas J. Pick*
       Douglas J. Pick, Esq.
       369 Lexington Avenue, 12th Floor
       New York, New York 10017
       (212) 695-6000