**LEECH TISHMAN ROBINSON BROG, PLLC**
One Dag Hammarskjöld Plaza
885 Second Avenue, 3rd Floor
New York, NY 10017
Lori A. Schwartz, Esq.
*Attorneys for Maguire Perry LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                            Chapter 11

1819 WEEKS AVE. REALTY CORP.,                     Case No. 24-11855 (JPM)

                    Debtor.
------------------------------------------------------------x

### MAGUIRE PERRY LLC'S JOINDER AND OBJECTION TO WILLIAM ARTHUR VIETH'S MOTION FOR ENTRY OF AN ORDER VACATING THE AUTOMATIC STAY TO PROCEED WITH STATE COURT LITIGATION

TO THE HONORABLE JOHN P. MASTANDO, III,
UNITED STATES BANKRUPTCY JUDGE:

Maguire Perry LLC ("Secured Creditor"), a secured creditor of 1819 Weeks Ave. Realty Corp., (the "Debtor"), in the above referenced bankruptcy case (the "Bankruptcy Case"), by and through its attorneys, Leech Tishman Robinson Brog, PLLC, respectfully submits this joinder to the Debtor's objection and its objection ("Objection") to the Motion ("Motion") of William Arthur Vieth ("Tenant") for Entry of an Order Vacating the Automatic Stay to Proceed with State Court Litigation. In support of the Objection, the Secured Creditor respectfully represents as follows:

### PRELIMINARY STATEMENT

1. The Motion should be denied. The Tenant has not met its burden to establish "cause" for relief from the automatic stay. There is simply no reason or need for the Tenant to proceed in State Court on account of a claim that can and should be resolved, expeditiously, in the Bankruptcy Court. Granting the Motion only serves to delay the claim adjudication process and has the potential to jeopardize the Debtor's sale of its property. This result would be inequitable

1

to the Debtor's estate and creditors, and in particular, Maguire Perry, the largest creditor in this case.

## BACKGROUND

2. The Debtor owns the real property located at 47 Perry Street, New York, New York (the "Property").

3. The Debtor filed this Bankruptcy Case on October 28, 2024 (the "Petition Date").

4. The Tenant resides at the Property in Unit 2A. According to the Debtor's schedules (ECF Doc. No. 14), the Tenant is listed on the Debtor's Schedule F as a contingent, unliquidated and disputed unsecured creditor and the Tenant is identified as being a counter-party to a rental lease for Apartment 2A on Schedule G: Executory Contracts and Unexpired Leases. The Tenant filed his original claim no. 3 in an unliquidated amount, which claim was amended by a claim filed on May 23, 2025 in the amount of $364,200.

5. Upon information and belief, the subject lease for Apartment 2A runs from October 27, 2024 through October 26, 2025.

6. The movant, William Arthur Vieth (the "Tenant") asserts that he is a rent stabilized tenant entitled to relief in the form of monetary damages for: (1) rent overcharges, (2) advance payment of rent and (3) attendant attorney's fees, all as more fully set forth in the complaint ("Complaint") attached to the Motion as Exhibit A, which complaint was filed after the Petition Date. The Tenant also seeks a renewal lease that is subject to rent stabilization laws and injunctive relief enjoining the Debtor from pursuing an eviction proceeding against the Tenant.

7. The bar date passed on April 3, 2025.

## DISCUSSION

8. The Motion should be denied and instead, the claims asserted by the Tenant in the

Motion can and should be determined in the Bankruptcy Court for each of the following reasons.

9. First, the Motion seeks modification of the automatic stay to permit the Tenant to proceed with the prosecution of the Complaint before the New York State Supreme Court, but it is clear from the Motion that the predominant issue to be determined is the amount, if any, of the Tenant's unsecured claim against the Debtor.

10. Next, the Tenant filed his proof of claim, which claim is identified on the claims register of the Debtor's chapter 11 case as Claim No. 3, on February 18, 2025 and his amended claim identified as Claim No. 3-1 on May 23, 2025 (the "Claim"), thereby subjecting the Claim to the jurisdiction of this Court. See, *Langenkamp v. Culp*, 498 U.S. 42, 45, 111S.Ct. 330,331-332 (1990). The basis of the Claim is "Rent overcharges ($106,200)/advance payment ($258,000) damages".

11. In addition, the Motion clearly sets forth that the Tenant's primary concern is a liquidation of his Claim, stating at paragraph 10, "The importance to, at a minimum, liquidate Movant's claim is established by the Debtor's intent to market and sell the building…". There is no discussion as to why the Tenant believes this Court could not expeditiously liquidate the Claim.

12. Notably, this Court previously entered an order approving the Debtor's retention of Northgate Real Estate Group as the Debtor's broker for purposes of marketing the Property for sale (ECF Doc. No. 42) which sale will be the means of implementation of the Debtor's proposed plan of reorganization or otherwise the manner by which the Debtor's Bankruptcy Case is concluded.

13. Moreover, the Debtor filed its motion seeking approval of bidding procedures and approving a stalking horse contract in furtherance of an auction sale of the Debtor's Property setting an initial bid of $9.5 million which is scheduled for a hearing on June 17, 2025,

simultaneous with the adjourned return date of the Tenant's Motion.

14. Equally significant, the Secured Creditor is by far the Debtor's largest secured (and potentially unsecured) creditor and supports the Debtor's expeditious sale of the Property before this Court, which has the potential to provide the Secured Creditor with the closure it requires, and all parties in interest with the potential benefits of Bankruptcy Code § 1146. In addition, the Secured Creditor remains concerned that permitting this Tenant's Claim to be litigated in an alternative forum could create unnecessary delay, confusion (as to why only this Tenant's Claim is being litigated in an alternative forum, when at least two other similarly situated unsecured creditors' claims are not) and the type of uncertainty which could compromise the ability of the sale of the Property to generate maximum proceeds.

15. Moreover, a review of the Motion reveals that the Tenant has completely failed to meet his burden in establishing the requisite "cause" required for this Court to award him stay relief under either the *Sonnax* Factors (See, *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1286 (2d. Cir. 1990) or Bankruptcy Code § 362(d)(1).

16. Indeed, other than the fact that the Motion makes reference to the *Sonnax* Factors, it is completely devoid of any discussion or analysis which could lead this Court to the conclusion that the Tenant's request aligns with any of the *Sonnax* Factors in a way that justifies granting stay relief in favor of the Tenant. Instead, and in a conclusory fashion, the Motion self-servingly suggests that the continuation of the matters pending in state court will not have any impact upon the administration of the Debtor's estate.

17. A closer look at the *Sonnax* Factors cited in the Motion, however, reveals that the Tenant's Motion does not show even a remote connection with the *Sonnax* Factors. For example, the Motion contains no reason why (i) granting stay relief would result in a partial or complete

4

resolution of the Claim which could not otherwise be had before this Court, or that (ii) the Tenant's pursuit of the Claim in an alternative forum would result in a partial or complete resolution of the issues which could not also occur before this Court and in a more expeditious manner.

18. The Motion is missing any analysis or discussion as to why granting stay relief in favor of the Tenant would not interfere with the administration of this Bankruptcy Case. The Motion further fails to assert that if the Motion were granted, that the Claim will be reviewed by a specialized tribunal with expertise established to hear matters similar to those which give rise to the Tenant's Claim.

19. The Motion lacks any discussion as to how the Tenant's ability to litigate the Claim in a different forum would not prejudice the interests of other creditors – namely the Secured Creditor and the Debtor.

20. The Motion further fails to contain any discussion as to how the interests of judicial economy would better be served if the Tenant's claims were permitted to be litigated in an alternative forum when (a) the Tenant's claims were first brought before the state court as recently as January 29, 2025 and (b) two (2) other tenants who have asserted substantially similar, if not the same type of claim against the Debtor, are on track to be liquidated before this Court. Indeed, neither of the other two (2) tenants asserting similar claims have moved for stay relief in order to prosecute their claims in an alternative forum.

21. The Motion contains no analysis as to why the Tenant could not or should not proceed before this Court for purposes of liquidating the Claim, to the extent that any such claim exists. It is the Secured Creditor's position that liquidating the Tenant's Claim can be accomplished most efficiently and timely before this Court.

22. Adjudicating the Claim in the bankruptcy forum will provide interested purchasers

with the ability to analyze any and all claims being asserted by Tenants in connection with the Property, and, specifically, any claims for rent overcharges and with respect to the status of tenant leases[1].

23.    For each of the foregoing reasons, the Motion should be denied and the Tenant's Claim adjudicated in the Bankruptcy Court so that the Debtor may proceed with an expeditious sale of the Property, which sale will provide the most benefit to creditors and tenants.

**WHEREFORE,** the Secured Creditor respectfully requests the entry of an Order denying the Motion in its entirety together with such further and different relief as the Court may deem just and proper.

Dated:  New York, New York
        June 10, 2025

>                             LEECH TISHMAN
>                             ROBINSON BROG, PLLC
>                             *Attorneys for Maguire Perry LLC*
>
>                             By: /s/ Lori A. Schwartz
>                             Lori A. Schwartz, Esq.
>                             One Dag Hammarskjöld Plaza
>                             885 2nd Avenue, 3rd Floor
>                             New York, New York 10017
>                             (212) 603-6300
>                             lschwartz@leechtishman.com

---

[1] The Motion asserts that a prospective purchaser may be "potentially liable for the rent overcharges collected by the Debtor." See, Motion at paragraph 10.