| | |
|---|---|
| Douglas J. Pick | Hearing Date: June 17, 2025 |
| Eric C. Zabicki | Time: 10:00 a.m. |
| **PICK & ZABICKI LLP** | |
| Counsel to William Arthur Vieth | |
| 369 Lexington Avenue, 12th Floor | |
| New York, New York 10017 | |
| (212) 695-6000 | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                               Chapter 11

1819 WEEKS AVE. REALTY CORP.,                         Case No. 24-11855 (JPM)

                    Debtor.
-----------------------------------------------------------x

### RESPONSE TO DEBTOR'S OBJECTION TO MOTION OF WILLIAM ARTHUR VIETH FOR ENTRY OF AN ORDER VACATING THE AUTOMATIC STAY TO PROCEED WITH STATE COURT LITIGATION

TO THE HONORABLE JOHN P. MASTANDO III,
UNITED STATES BANKRUPTCY JUDGE:

William Arthur Vieth ("Movant"), by and through his undersigned counsel, as and for his reply to the objection of debtor 1819 Weeks Ave. Realty Corp. (the "Debtor") in connection with Movant's motion (the "Motion") for entry of an Order, pursuant to § 362(d)(1) of title 11 of the United States Code (the "Bankruptcy Code"), vacating the automatic stay arising in this case so as to permit Movant to commence or otherwise proceed with an action against, in State Supreme Court (hereinafter defined) with respect to rent overcharges, and respectfully represents and alleges as follows:

### BACKGROUND

1. Respectfully, by way of his opposition, the Debtor has failed to demonstrate any meritorious legal or factual grounds for the denial of any of the relief requested by Movant by way of his Motion.

2. As discussed at length in the Motion, Movant is the current tenant of Unit 2A in the building located at 47 Perry Street, New York, NY 10014 pursuant to a lease agreement with the Debtor, as landlord.

3. On May 23, 2025, Movant filed an amended proof of claim in this case (Claim No. 3-2) in the total amount of $364,200 representing rent overcharge damages for 2021, 2022, 2023 and 2024 of $106,200 and damages resulting from Movant's advance payment of rent of $258,000. Several other tenants of the building have asserted claims against the Debtor (*see* Claim No. 4 filed by Christoph Johannes Meinrenken in the total amount of $830,436.09, Claim No. 5 filed by Benjamin Dixon in the amount of $570,000 and Claim No. 10 filed by Gregory Bruce Cerbone in the amount of $335,700). As such, the tenants represent a significant creditor constituency in this case necessitating the immediate liquidation of their claims.

4. As discussed in its objection to the Motion, the Debtor is pursuing an auction sale of the building under § 363 of the Bankruptcy Code, but has not proposed to include any disclosures with respect to the claims of the tenants as part of its bidding procedures. As further discussed in the objection, the Movant filed a limited objection to the proposed bidding procedures noting that, under New York law, the obligations of the Debtor to the current and former tenants who were unlawfully overcharged will not be extinguished upon a sale of the building under the Debtor's proposed Plan. Rather, the successful bidder for the building will inherit such obligations at closing. As such, the immediate liquidation of the Debtor's obligations to the existing and former tenants is necessary so that a potential purchaser of the building is aware of the liability to said tenants that would need to be assumed if it is the successful bidder.

5. Again, if the automatic stay is modified as sought, Movant is prepared to either: (a) continue the Tenant Litigation (as defined in the Motion) subject to the Debtor's

2

execution of a stipulation consenting thereto; or, alternatively (b) voluntarily discontinue and, thereafter, recommence the Tenant Litigation. The Debtor has failed to demonstrate that permitting same would interfere with or be prejudicial to the Debtor's efforts to reorganize or the administration of its estate.

6.     Based upon the foregoing, Movant respectfully submits that the automatic stay should be vacated as to permit the Tenant Action to proceed.

**WHEREFORE**, Movant respectfully requests that the Court grant the Motion in its entirety together with such other and further relief as may be just and proper.

Dated: New York, New York
       June ____, 2025

                **PICK & ZABICKI LLP**
                Counsel to William Arthur Vieth

        By:   */s/Douglas J. Pick*
                Douglas J. Pick, Esq.
                369 Lexington Avenue, 12th Floor
                New York, New York 10017
                (212) 695-6000