UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>**1819 WEEKS AVE. REALTY CORP.,**<br><br>Debtor. | Chapter 11<br><br>24-11855-JPM |

**ORDER (A) AUTHORIZING AND SCHEDULING AN AUCTION TO SOLICIT BIDS FOR THE SALE OF THE DEBTOR'S PROPERTY LOCATED AT 47 PERRY STREET, NEW YORK, NY 10014, FREE AND CLEAR OF LIENS, INTERESTS AND ENCUMBRANCES; (B) APPROVING STALKING HORSE CONTRACT, BIDDING PROCEDURES AND CERTAIN FEE PROTECTIONS; (C) SCHEDULING A HEARING TO CONSIDER APPROVAL OF THE SALE; (D) ESTABLISHING THE FORM AND MANNER OF NOTICES RELATED THERETO; AND (E) GRANTING SUCH OTHER AND FURTHER RELIEF AS THIS COURT DEEMS JUST AND PROPER**

**UPON** the motion of 1819 Weeks Ave. Realty Corp. ("Debtor") seeking the entry of an order, in accordance with sections 105, 363, 365, and 1123(b)(4) of title 11 of the United States Code (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006, and Local Rule 6004-1: (a) authorizing and scheduling an auction to solicit bids for the sale of the Debtor's property located at 47 Perry Street, New York, NY 10014 (the "Property"), free and clear of liens, interests and encumbrances; (b) approving stalking horse contract, bidding procedures and certain fee protections; (c) scheduling a hearing to consider approval of the sale; (d) establishing the form and manner of notices related thereto; and (e) granting such other and further relief as this Court deems just and proper (ECF Doc. No. 45) (the "Sales Procedures Motion"); and after due deliberation and consideration of all the facts and circumstances herein; and upon the certificate of service of the Sales Procedures Motion on file with the Court (ECF Doc. No. 46); and various objections having been filed to the Sales Procedures Motion; and a hearing having been held on June 26, 2025, (the "Sales Procedures Hearing"); and all objections to the relief requested in the Sales Procedures Motion having been withdrawn, resolved or

overruled by the Court as set forth below; and the Court having determined that the relief sought in the Sales Procedures Motion is in the best interest of the Debtor's estate and its creditors; and adequate notice having been provided and no other or additional notice being necessary or required; it is hereby

**ORDERED**, that the Sales Procedures Motion is granted to the extent provided for herein, and any other relief sought in the Sales Procedures Motion not granted by this Order shall be considered at a hearing to approve the results of the Auction to be held by this Court on a date to be determined (the "Sale Hearing"); and it is further

**ORDERED**, that counsel for Debtor shall provide seven (7) days written notice of the Sale Hearing to: (i) the Debtor; (ii) the Office of the United States Trustee, (iii) all creditors; and (iv) interested parties by email or first class mail, and shall file a certificate of service three (3) days prior to the Sale Hearing; and it is further

**ORDERED**, that notice of the Sales Procedures Motion given by Debtor as described in the Sales Procedures Motion and the related certificate of service is deemed adequate under the circumstances; and it is further

**ORDERED**, that the terms and conditions of sale contained in the revised bidding procedures filed at ECF Doc. No. 66-2, are approved in all respects and Debtor is authorized under Bankruptcy Code sections 363 and 1123(b)(4) of the Bankruptcy Code to sell all of the Debtor's right, title, and interest in and to the Property at a public auction and pursuant to the relevant terms of the Plan, free and clear of all liens, claims, and encumbrances, with such liens, claims, and encumbrances attaching to the sale proceeds with the validity and in the priority that existed prior to the Sale except as set forth in footnote 1, and such liens, claims, and encumbrances remaining

in place pending closing of the Sale of the Property;[1] and it is further

**ORDERED**, that the Auction[2] shall be conducted in-person, telephonically or by videoconference on August 19, 2025 (the "Sale Date"), or such other adjourned date posted on the website maintained by Debtor's broker and that the Property shall be offered for inspection by appointment at reasonable times, requested by the interested party to Debtor's auctioneer, which will make such arrangements; and it is further

**ORDERED**, that the Stalking Horse Contract as amended and filed at ECF Doc. No. 66-4 is approved; and it is further

**ORDERED**, that the Notice of Sale as amended and filed at ECF Doc. No. 66-6 is approved. No later than fourteen (14) days before the Auction, Debtor's counsel shall serve a copy of the Notice of Sale by first class mail or e-mail, upon the following notice parties (each a "Notice Party" and collectively, the "Notice Parties"): (i) the Office of the United States Trustee; (ii) the Debtor; (iii) all creditors; (iv) all other parties having requested notices in the Debtor's bankruptcy case; and (v) all individuals or business entities whom Debtor and its broker deem to be potential purchasers of the Property; and it is further

**ORDERED**, that within forty-eight (48) hours after the conclusion of the Auction, or the execution of a contract of sale with one or more purchasers for the Property, Debtor shall file a Sale Declaration with the Court regarding the results of the Auction; and it is further

---

[1] Several tenants ("Claiming Tenants") have asserted claims against the Debtor for rent overcharges, damages, fees and costs, prepaid rent, and renewal leases under rent stabilization laws, some with state court actions (e.g., Index Nos. 161138/2019, 151303/2025, Supreme Court, NY County, the latter of which is being recommenced and will have a new index number) and/or administrative proceedings (e.g., Index No. NR 410077 R, Division of Housing and Community Renewal, which proceeding was commenced without first obtaining relief from the automatic stay and for which a motion has been made for such relief). The Claiming Tenants argue these claims attach to the property upon sale, becoming an obligation of any purchaser, and therefore requiring funds reserved pending resolution. The Debtor denies these claims entirely; no claims have been adjudicated; and all parties reserve their rights.

[2] Capitalized terms used but not defined herein shall have the meaning set forth in the Sales Procedures Motion.

**ORDERED**, that objections, if any, to that part of the relief sought in the Sales Procedures Motion not otherwise approved by this Order, including the Sale of the Property free and clear of liens, shall be (i) filed with the Bankruptcy Court at least three days before the Sale Hearing at 4:00 p.m. electronically by registered users of the Court's electronic case filing system and, by all other parties in interest, mailed to the Clerk of the United States Bankruptcy Court for the Southern District of New York at One Bowling Green, New York, NY 10004 and (ii) upon: (a) attorneys for Debtor, Jacobs P.C., 717 Fifth Avenue, 39th Floor, New York, New York 10022, Attn: Robert Sasloff, Esq; (b) the United States Trustee, Alexander Hamilton Custom House, One Bowling Green, Room 510 New York, NY 10004-1408, Attn: Annie Wells, Esq.; and (c) Counsel for the Debtor's lender, Leech Tishman, One Dag Hammarskjöld Plaza, 885 Second Avenue, 3rd Floor, New York, NY 10017, Attn: Lori Schwartz, Esq., and it is further

**ORDERED**, that within three (3) business days of the entry of this Order, counsel for Debtor shall serve a copy of this Order by first class mail or e-mail, upon (i) the United States Trustee; (ii) all creditors listed on the Debtor's bankruptcy petition and/or that have filed proofs of claim in the Debtor's case; (iii) all parties having requested notices in the Debtor's case; and (iv) all appropriate taxing authorities, and file a certificate or affidavit evidencing service.

Dated: New York, NY
      July 11, 2025

                                        /S/ John P. Mastando III
                                        HON. JOHN P. MASTANDO III
                                        UNITED STATES BANKRUPTCY JUDGE