**HEARING DATE AND TIME: TBD**
**RESPONSE DEADLINE: TBD**

> THE ATTACHED OBJECTION TO CLAIMS SEEKS TO (I) RECLASSIFY, (II) RECLASSIFY AND REDUCE OR (III) REDUCE CERTAIN FILED PROOFS OF CLAIM. PLEASE CAREFULLY REVIEW THE ATTACHED OBJECTION AND THE ATTACHMENTS THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS ANY OF YOUR CLAIM(S) (WHETHER FILED BY YOU OR SCHEDULED BY THE DEBTOR). IF YOU HAVE QUESTIONS, PLEASE CONTACT AARON SLAVUTIN AT (212) 229-0476 OR AARON@JACOBSPC.COM.

**JACOBS P.C.**
*Attorneys for the Debtor*
*1819 Weeks Ave. Realty Corp.*
717 Fifth Avenue, Floor 17
New York, New York 10022
(212) 229-0476
Leo Jacobs, Esq.
Robert M. Sasloff, Esq.
Aaron Slavutin, Esq.
leo@jacobspc.com
robert@jacobspc.com
aaron@jacobspc.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **1819 WEEKS AVE. REALTY CORP.,** | 24-11855-JPM |
| Debtor. | |

**DEBTOR'S FIRST OBJECTION TO CLAIMS**
**(Amended and Superseded Claims, Reduced Claims, Reduced and Reclassified Claims, and Expunged Claims)**

1819 Weeks Ave. Realty Corp., the debtor and debtor-in-possession herein (the "**Debtor**"), by and through its undersigned counsel, hereby submits this objection (the "**Objection**") to the claims identified on <u>Schedules 1-4</u> to <u>Exhibit A</u>, and seeks entry of an order (the "**Proposed Order**"), substantially in the form attached hereto as <u>Exhibit A</u> (i) expunging amended and

superseded claims, (ii) reducing a claim, (iii) reducing and reclassifying other claims, and (iv) expunging certain claims, in each case pursuant to section 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  In support of this Objection, the Debtor respectfully represents and alleges as follows:

## **Background**

1. On October 28, 2024, the Debtor filed a Chapter 11 petition under the Bankruptcy Code.

2. The Debtor is a single asset real estate debtor that owns, develops, manages and rents the apartment building at 47 Perry Street, New York, NY 10014 (the "**Property**").

3. On December 6, 2024, the Debtor filed its Statement of Financial Affairs and Schedules of Assets and Liabilities.

4. On February 26, 2025, the Court entered an Order establishing the deadline for filing proof of claim against and interests in the Debtor and approving the form and manner of notice thereof (the "**Bar Date Order**").  *See* ECF No. 28.  The Bar Date Order established (i) April 3, 2025 (the "**Bar Date**"), as the deadline for all creditors, with the exception of governmental units, to file proofs of claim against and interests in the Debtors, and (ii) April 28, 2025 (the "**Government Bar Date**"), as the deadline for governmental units to file proofs of claim.  A total of 11 claims have been filed as of the date of this Objection.

5. The Property was scheduled for an auction on September 4, 2025, auction for which the Court previously approved a stalking horse bidder.  The Property sale is the means of implementation of the Debtor's liquidating plan which shall be funded by the Debtor's available cash and the sale proceeds generated from the Property sale.

**Jurisdiction**

6.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated December 1, 2016.  The Debtor confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgements in connection herewith consistent with Article III of the United States Constitution.

7.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

8.      The bases for the relief requested herein are section 502 of the Bankruptcy Code and Bankruptcy Rule 3007.

**Relief Requested**

9.      Debtor files this Objection seeking entry of the Proposed Order (i) expunging amended and superseded claims, (ii) reducing a claim, (iii) reducing and reclassifying other claims, and (iv) expunging certain claims identified on Schedules 1-4 annexed to the Proposed Order (the "**Claims**") on the basis that they (a) have been amended and superseded by later-filed claims filed by the same creditor, (b) claim an amount that is overstated as it is based on contingent, nascent litigation, (c) claim amounts that are overstated as they are based on contingent litigation and assert a partially secured claim status without support, and (d) are unliquidated, late-filed, and/or unnecessarily prophylactic.

**Basis for Relief**

10.     Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . .

objects." 11 U.S.C. §502(a). A chapter 11 debtor has the duty to object to the allowance of any claim that is improper. *See* 11 U.S.C. §§704(a)(5), 1106(a)(1) and 1107(a); *see also Int'l Yacht & Tennis, Inc. v. Wasserman. (In re Int'l Yacht & Tennis, Inc.)*, 922 F.2d 659, 661-62 (11th Cir. 1991).

11. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes prima facie evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. *See In re Vanegas*, 290 B.R. 190, 193 (Bankr. D. Conn. 2003); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 n.13 (Bankr. S.D.N.Y. 2000). However, a proof of claim must "set forth the facts necessary to support the claim" for it to receive the prima facie validity accorded under the Bankruptcy Rules. *In re Chain*, 255 B.R. 278, 280 (Bankr. D. Conn. 2000) (internal quotation omitted); *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988). Under Bankruptcy Rule 3001(f), a proof of claim retains that presumption only until an objecting party refutes "at least one of the allegations that is essential to the claim's legal sufficiency." *In re WorldCom, Inc.*, No. 02-13533, 2005 WL 3832065 at * 4 (Bankr. S.D.N.Y. 2005) (*quoting Allegheny*, 954 F.2d at 173-74). Once such an allegation is refuted, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Id.* In other words, once the *prima facie* validity of a claim is rebutted (as it has been here), "it is for the claimant to prove his claim, not for the objector to disprove it." *In re Kahn*, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted).

12. The Claims that are the subject of this Objection have asserted claims (i) for rent overcharges, (ii) based on advance payment of rent, and/or (iii) that are prophylactic insofar as they arise only if the relevant lease is terminated.

### I. Claims That Were Amended and Superseded Should Be Disallowed

13. As indicated on **Schedule 1** attached to the Proposed Order, certain Claims (the "**Amended and Superseded Claims**") have been amended and superseded by amended ones filed by the same creditor. Claims that are amended and superseded by subsequent claims filed by the same creditor are routinely disallowed and expunged. *See e.g. In re Dewey & Leboeuf LLP*, Case No. 12-12321 (MG), 2014 WL 201586, at *2 (Bankr. S.D.N.Y. Jan. 16, 2014) (concluding that claim number 833 was amended and superseded, and thus the claim should be disallowed and expunged); *In re Enron Corp.*, Case No. 01 B 16034 (AJG), 2005 WL 3874285, at *1 n.1 (Bankr. S.D.N.Y. Oct,5, 2005) (noting that "[i]n as much as the Initial Claim was amended and superseded by the Amended Claim, it was disallowed and expunged…."). Thus, the Amended and Superseded Claims should be disallowed and expunged in their entirety. Specifically, Claim 3-1 filed by William Arthur Vieth and Claim 4-1 filed by Christoph Johannes Meinrenken have been amended and superseded and therefore should be disallowed and expunged in their entirety.

### II. Claim Based on Nascent Litigation Is Contingent and Should Be Reduced to Zero

14. As indicated on **Schedule 2** attached to the Proposed Order, there is a Claim (the "**Reduced Claim**") that is based on nascent litigation concerning purported rent overcharges, advanced rent payments and damages. However, with respect to rent overcharges, per the Division of Housing and Community Renewal ("DHCR") rent overcharge requirements, there has to be a finding of a rent overcharge under the rent stabilization law. Only upon a finding of a rent overcharge can this type of claim be established and asserted and at that point, and not before, treble damages may be imposed. Property owners have the right to submit evidence that an overcharge was not "willful" which is to be determined by a preponderance of the evidence

standard. If a tenant is successful, the owner will be assessed a penalty calculated at the overcharge amount plus interest. Rent stabilized tenants may only collect on an overcharge after DHCR issues an order establishing the legal rent and the amount to be refunded. That has not happened yet.

15. Similarly, with respect to advanced rent payments, the Complaint attached to the Reduced Claim (i.e., Claim No. 3-2 filed by William Arthur Vieth) cites to New York General Obligation Law ("**GOL**") section 7-108, which, at subsection 1(g) provides: "Any person who violates the provisions of this subdivision shall be liable for actual damages, provided a person **found** to have **willfully** violated this subdivision shall be liable for punitive damages of up to twice the amount of the deposit or advance." (Emphasis supplied). Here, there are no actual damages as Mr. Vieth currently occupies his apartment and will be able to continue to do so, as the sale of the Property will include the assumption and assignment of all leases. Furthermore, there can be no punitive damages at this juncture as there has been no finding made regarding advanced payments, let alone one regarding the willfulness of any purported violation of this section of the GOL.

16. Therefore, given that the Reduced Claim is based on rent overcharges and advanced rent payments with respect to which there has been no finding, the Reduced Claim is contingent and should be reduced to zero.

### III. Purportedly Partially Secured Claims Based on Unresolved Litigation Should Be Reduced to Zero and Reclassified as Entirely Unsecured

17. As indicated on **Schedule 3** attached to the Proposed Order, there are Claims (the "**Reduced and Reclassified Claims**") that (1) are based on unresolved litigation concerning, *inter alia*, rent overcharges for which there has not been a ruling and (2) assert they are partially

secured based on a statutory lien for rent overcharges, even though there has been no DHCR finding of any rent overcharge under the rent stabilization law.

18. As discussed in section II *supra*, with respect to rent overcharges, only upon a DHCR finding of a rent overcharge can this type of claim be established and asserted and at that point, and not before, treble damages may be imposed. Here, there has been no such DHCR finding and, therefore, the Reduced and Reclassified Claims are at least partially if not entirely contingent and should be reduced to zero.

19. With respect to the assertion that the Reduced and Reclassified Claims are at least partially secured, the Reduced and Reclassified Claims each assert that the basis for perfection is a "Statutory Lien." However, none of the Reduced and Reclassified Claims indicate which statute supports that assertion. Furthermore, to the extent the claimants assert a secured claim based on a statutory lien for rent overcharges, as noted above, there has been no DHCR finding of any rent overcharge. Therefore, the claimants cannot assert and are not entitled to a statutory lien or status as a secured creditor. As such, the Court should reclassify these Claims as fully unsecured.

### IV. The Other Claims, Which Should Be Expunged

20. As indicated on **Schedule 4** attached to the Proposed Order, there are Claims (the "**Expunged Claims**") that should be expunged for several reasons. Gregory Bruce Carbone's Expunged Claim (Claim No. 10-1) should be expunged because the claim form indicates, "[amount] of claim premised upon any cancellation of lease **only**." (Emphasis supplied). *i.e.*, this is a prophylactic claim for lease rejection only. All leases, however, are being assumed and assigned to the buyer of the Debtor's property.

21.     Jacob Nathan Sanders' Expunged Claim (Claim No. 11) is (1) late filed as the bar date was April 3, 2025; (2) unliquidated and (3) not in accordance with the Debtor's books and records as the Debtor reasonably believes that nothing is owed to Mr. Sanders.  In the event that the Court declines to expunge Mr. Sanders' claim, the Court should estimate it at zero.

## Reservation of Rights

22.     The Debtor reserves all rights with respect to the Claims. Debtor reserves the right to object in the future to any of the claims (whether scheduled or filed) listed in this Objection on any ground, and to amend, modify, and/or supplement this Objection to the extent an objection to a claim is not granted.

## Notice

23.      Notice of this Objection has been provided in accordance with Bankruptcy Rule 3007. Debtor submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

**WHEREFORE**, for the reasons stated in the Objection, the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: New York, New York  
      September 12, 2025

**JACOBS P.C.**

By: */s/ Robert M. Sasloff*  
Leo Jacobs, Esq.  
Robert M. Sasloff, Esq.  
Aaron Slavutin, Esq.  
717 Fifth Avenue, Floor 17  
New York, New York 10022  
212-229-0476  
*Attorneys for the Debtor*