**LEECH TISHMAN ROBINSON BROG, PLLC**
One Dag Hammarskjöld Plaza
885 Second Avenue, 3rd Floor
New York, NY 10017
Lori A. Schwartz, Esq.
*Attorneys for Maguire Perry LLC*

*and*

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Deborah J. Piazza, as Plan Administrator*
1350 Broadway, 11th Floor
New York, NY 10018
(212) 216-8000
Attn: Scott S. Markowitz, Esq.
smarkowitz@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re: | Confirmed Chapter 11

1819 WEEKS AVE. REALTY CORP., | Case No. 24-11855 (JPM)

Debtor.

-------------------------------------------------------------x

**MOTION FOR ORDER IN AID OF CONFIRMATION OF SECOND AMENDED PLAN OF LIQUIDATION OF 1819 WEEKS AVE. REALTY CORP.**

**TO THE HONORABLE JOHN P. MASTANDO, III
UNITED STATES BANKRUPTCY JUDGE:**

Maguire Perry LLC ("Maguire"), a secured creditor of 1819 Weeks Ave. Realty Corp., (the "Debtor"), in the above referenced bankruptcy case (the "Bankruptcy Case"), by and through its attorneys, Leech Tishman Robinson Brog, PLLC, and Deborah J. Piazza, the Plan Administrator ("PA" and with Maguire, "Movants"), by and through her attorneys, Tarter Krinsky & Drogin LLP, respectfully submit this motion (the "Motion") for an order in aid of confirmation of the Debtor's Second Amended Plan of Liquidation (the "Plan") in accordance with the Sections 105 and 1142 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3020(d) of the

1

4917-4164-0616, v. 3

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and granting such further and different relief as the Court may deem just and proper. In support of this Motion, the Movants respectfully state as follows:

**PRELIMINARY STATEMENT**

1. The Debtor owns the real property located at 47 Perry Street, New York, New York (the "Property"). The Debtor is 100% owned by Nancy Haber ("Haber"). The Debtor filed this Bankruptcy Case on October 28, 2024 (the "Petition Date"). The Debtor's Plan was confirmed by order entered on April 16, 2026 (the "Confirmation Order") (ECF 155). The Plan is to be implemented by a sale of the Property to 47 Perry LLC, an affiliate of Available Spaces, LLC, the successful bidder for the Property (the "Buyer") with the sale proceeds, plus any other available cash to be utilized to fund payments under the Plan.

2. The Confirmation Order became final on April 30, 2026 and the parties, including Movants, Buyer and its counsel, and Debtor's counsel have been working to close on the Property sale, which was originally scheduled to take place on May 1, 2026. The closing was adjourned and is now scheduled for May 12, 2026.

3. Haber, however, the Debtor's sole member and principal, is now acting *pro se* in an apparent effort to sabotage the sale of the Property. Haber has refused to participate with the closing process, has failed to comply with the terms of the Plan and Confirmation Order and is actively interfering with the closing process, requiring the need for this Motion.

4. The Court appointed the PA because independent post-confirmation control was necessary to implement the Plan, protect estate assets, and investigate the Debtor's financial affairs. Since entry of the Confirmation Order, however, Haber has failed to respond to the Plan

2

4917-4164-0616, v. 3

Administrator's inquiries and direct instructions[1] and failed to sign the Plan Administrator Agreement. Haber also continues to maintain control over the Debtor's bank account. Most egregiously, Haber continues to collect tenants' rents. Notably, on April 22, 2026, five (5) days after entry of the Confirmation Order, Haber requested a tenant residing in Apt. 1CD pay the May rent to the Debtor, which the tenant advises was wired to the Debtor's JP Morgan Chase bank account in the amount of $14,000 on April 23, 2026[2].

5. Moreover, Haber is now intentionally delaying the closing. On May 1, 2026, more than 14 days after entry of the Confirmation Order, Haber filed two (2) documents entitled: (1) Emergency Objection to Confirmation of Plan of Sale and Motion for Temporary Stay of the Sale Closing (ECF 157) and (2) Emergency Motion to Accept Late-Filed Objection to Plan of Sale and For Temporary Stay of the Sale Closing (ECF 158) (collectively, the "Haber Sale Objection"), purportedly in her personal capacity, objecting to the Plan and the sale of the Property and seeking a stay of the sale.

6. It is incongruous that Haber, the Debtor's sole representative, who signed the Plan and a declaration in support of confirmation of the Plan, and participated in the March 18, 2026 and March 26, 2026 confirmation hearings, now objects to that same Plan and the Property sale.

7. Clearly, Haber's actions are deliberate. The Haber Sale Objection was filed well after the established confirmation and sale objection deadlines and after the Confirmation Order became final. For these reasons alone the Haber Sale Objection should not even be considered by this Court.

---

[1] See Plan Administrator correspondence attached hereto as Exhibit A requesting financial information, access to the Debtor's bank accounts and a turnover of rents collected.

[2] Movants do not know if other tenants were similarly contacted by Haber in connection with the advanced payment of May 2026 rent. The parties were made aware of the tenant in Apt. 1CD paying the rent to the Debtor after Debtor's counsel posted a Tenant Memorandum from the Plan Administrator at the Property. See Tenant Memorandum attached hereto as Exhibit B and tenant communication attached hereto as Exhibit C.

4917-4164-0616, v. 3

8.      Furthermore, the Haber Sale Objection asserts no valid basis to oppose or stay the Property sale, which is the means of implementation of the Plan that Ms. Haber supported as the Debtor's representative.

9.      Additionally, the Haber Sale Objection was lodged on the ECF docket, but there is no indication that it was served on any of the relevant parties or provided to the Court.

10.     The Haber Sale Objection was not filed with a notice of hearing.

11.     The Haber Sale Objection was not accompanied with a motion that establishes any basis for a stay of the sale, including a showing of any likelihood of success on the merits, demonstrating irreparable harm to Haber, showing that a stay will not significantly harm other parties and that a stay is in the public interest.

12.     Despite these procedural and substantive deficiencies, the Haber Sale Objection has caused concrete harm.  By email yesterday, the parties were advised that Old Republic National Title Insurance Company determined they will not insure the Property conveyance by the Plan Administrator without a further final non-appealable Bankruptcy Court order denying the Haber Sale Objection. See Exhibit D.

13.     Movants, joined by the Buyer, therefore seek an order in aid of confirmation of the Plan that: (1) overrules the Haber Sale Objection; (2) authorizes the Plan Administrator to proceed with the closing, including signing any and all required documents, including but not limited to, a deed and all necessary ACRIS transfer forms ; (3) reaffirms the validity of the Plan Administrator Agreement, despite Haber's refusal to sign the Plan Administrator Agreement; (4) directs Haber to immediately turnover any and all rents collected after entry of the Confirmation Order; (5) authorizes the Plan Administrator to take control of the Debtor's bank account maintained at JP Morgan Chase Bank; and (6) granting any related relief.

4917-4164-0616, v. 3

14.    Due to the emergent need for the Court's intervention so that the May 12, 2026 closing can proceed, the Motion is limited to an order in aid of confirmation of the Plan as set forth above.  Movants submit however that Haber's purposeful delay and disruption to the closing process should not be countenanced and may rise to the level of requiring a finding of sanctions or contempt.  Haber's obstruction is not an isolated litigation tactic.  It is part of a continuing course of conduct designed to delay the closing, preserve her control over the Property's rents and security deposits, and interfere with the Plan Administrator's ability to marshal and distribute estate assets.  In addition, each day of delay increases interest, taxes, professional fees and other costs that threaten the limited proceeds available to pay holders of Allowed Claims under the Plan.  Movants therefore reserve their rights to seek further remedies as against Haber, including, but not limited to, findings of contempt or sanctions for misappropriating estate funds and for violation of the Confirmation Order, frivolous filings, and continued failure to comply with financial reporting and related requirements.

15.    The Haber Sale Objection is untimely, procedurally improper and substantively without merit, and should be immediately overruled and an order in the form attached hereto be entered in aid of confirmation so that the parties may proceed to the May 12, 2026 closing on the sale of the Property.

16.    Based on the foregoing, this Court should grant the Motion in its entirety.

## **JURISDICTION AND VENUE**

17.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 & 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

18.    The statutory predicates for the relief requested herein are Bankruptcy Code

4917-4164-0616, v. 3

Sections 105 and 1142 and Bankruptcy Rule 3020.

## BACKGROUND

19.     The Debtor respectfully refers the Court and interested parties to Maguire's Response to Objections to Final Approval of Debtor's Disclosure Statement and Confirmation of Debtor's Plan of Liquidation (ECF 149), which is incorporated herein by reference, for a detailed background of the Debtor's Bankruptcy Case.

## RELIEF REQUESTED

20.     Movants submit that ample authority exists in the Bankruptcy Code, Bankruptcy Rules, Plan and Confirmation Order that support this Court's authority to enter an order in aid of confirmation so the closing may go forward.

21.     Bankruptcy Code Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a).

22.     Bankruptcy Code section 1142(b) provides in pertinent part, that "the court may direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery or any instrument required to effect a transfer of property  dealt with by a confirmed plan and to perform any other act…that is necessary for the consummation of the plan."  11 U.S.C. §1142(b).

23.     Bankruptcy Rule 3020(d) provides that "[n]otwithstanding the entry of the order of confirmation, the court may issue any other order necessary to administer the estate." Fed. R. Bankr. P. 3020(d).

24.     Finally, there are retention of jurisdiction provisions in both the Plan at Article 10 and the Confirmation Order at paragraphs 34 and 57 all of which taken together support this

6

4917-4164-0616, v. 3

Court's entry of an order in aid of confirmation.

25. The requested relief does not alter the Plan, modify creditor treatment, grant new sale authority or change the bargained for sale approved at confirmation. It enforces the Confirmation Order's existing directives so the sale already approved by the Court can close and the Plan can be consummated.

**NEED FOR AN ORDER IN AID OF CONFIRMATION**

26. The Confirmation Order at paragraph 64 appointed the Plan Administrator "to carry out and implement all provisions of the Plan and matters reasonably incidental thereto as set forth in the form Plan Administrator Agreement…"

27. Movants and the Plan Administrator submit the Plan Administrator is authorized to execute the closing documents and the title company should accept the closing documents executed by the Plan Administrator without issue and provide appropriate title insurance in connection with the Property conveyance. In fact, both the Confirmation Order and the Plan Administrator Agreement contemplated exactly the situation the parties are currently faced with – a Debtor's principal who is refusing to sign the closing documents, and now by virtue of filing the Haber Sale Declaration, is impeding the closing from taking place and collecting and utilizing the May rents for her own use.

28. The Plan Administrator's powers and duties as set in forth in Article II of the Plan Administrator Agreement include, "to execute and deliver all contracts, agreements, instruments, deeds, omnibus assignments, notices, other instruments of transfer and other documents necessary to effectuate the transactions contemplated by the Plan, in the name of and on behalf of the Debtor, without the need for any approvals, authorizations or consents…"

29. In addition, the Confirmation Order at paragraph 40 provides as follows:

4917-4164-0616, v. 3

<u>Consummation of Sale</u>.  Pursuant to Section 363 and 365 of the Bankruptcy Code, the Debtor is authorized to perform its obligations and comply with the terms of this Order. The Debtor as well as its affiliates, officers, employees and agents, are authorized and directed to execute and deliver, and empowered to perform under, consummate and implement, the Sale, under the Plan…and to take all further actions and executed such documents as may be (a) necessary or appropriate to the performance of the obligations contemplated by the Sale…and (b) as may be reasonably requested by the Successful Bidder to implement the   Sale…**Alternatively, the Plan Administrator shall executed any and all documents necessary to effectuate the Sale in the name of and on behalf of the Debtor without further order of the Court**.  (emphasis added)

30.     It would therefore appear the language of the Confirmation Order eliminates the need for an order in aid of confirmation.   However, with the filing of the Haber Sale Objection, the Buyer's title insurance company has affirmatively stated it will not insure the conveyance by the Plan Administrator without further court order authorizing the sale of the Property free and clear of all liens, claims and encumbrances, notwithstanding the Haber Sale Objection.

31.     The closing documents are prepared and ready for signature by the Plan Administrator and the closing has been scheduled for May 12, 2026 at the offices of Debtor's counsel.

32.     The requested order should confirm, for the avoidance of doubt and for the benefit of the Buyer, title company, recording officers, and all parties in interest, the Plan Administrator's execution of the Deed, transfer tax documents, assignment documents, water/sewer affidavits, rent and security deposit certifications and all other closing instruments are valid, binding, and sufficient.

33.     The relief requested is narrowly tailored to enforce the Confirmation Order and remove the practical impediment to the closing created by the Haber Sale Objection.  Movants seek an order confirming the final Confirmation Order means what it says:  the sale is approved, no stay is in effect, the Plan Administrator may close for the Debtor, Haber's cooperation is not

required and Haber must turn over estate property and closing information.

34. Movants respectfully submit the circumstances described herein justify granting the relief requested pursuant to Bankruptcy Code Sections 105 and 1142 and Bankruptcy Rule 3020 and that an order in aid of confirmation is necessary in order for the sale of the Property to close and for the sale proceeds to be distributed in accordance with the confirmed Plan.

## <u>NOTICE AND PRIOR REQUEST</u>

35. This Motion is being served by electronic mail on the Debtor and its counsel, the United States Trustee, parties who have filed appearances in this case and the Plan Administrator and Buyer's counsel in accordance with the service requirements of the Confirmation Order. Movants are seeking expedited relief as set forth in the accompanying motion to shorten time and are prepared to serve the Motion in accordance with the Court's direction in any scheduling order shortening the notice period. Movants submit such notice is appropriate and complies with the applicable Bankruptcy Rules.

36. No previous application for the relief sought herein has been filed before this Court in this case.

**[Signature Page to Follow]**

4917-4164-0616, v. 3

**WHERFORE,** the Movants respectfully request the entry of an Order in Aid of Confirmation together with such further and different relief as the Court may deem just and proper.

Dated: New York, New York
May 5, 2026

**LEECH TISHMAN ROBINSON BROG, PLLC**
*Attorneys for Maguire Perry LLC*

By:    */s/ Lori A. Schwartz*
Lori A. Schwartz, Esq.
One Dag Hammarskjöld Plaza
885 2nd Avenue, 3rd Floor
New York, New York 10017
Tel: (212) 603-6300
Email: lschwartz@leechtishman.com

Dated: New York, New York
May 5, 2026

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Deborah J. Piazza, as Plan Administrator*

By:    */s/ Scott S. Markowitz*
Scott S. Markowitz, Esq.
1350 Broadway, 11th Fl.
New York, New York 10018
Tel: (212) 216-8000
Email: smarkowitz@tarterkrinsky.com

10